UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DUNKLEY,                    .

    Plaintiff,                      .

    v.                              .    Civil Action No.: 05-1544 _RWR_

EXECUTIVE OFFICE FOR UNITED        .
STATES ATTORNEYS/FOIA/PA UNIT,     .

    Defendant.                      .

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS

Comes now plaintiff, Gregory Dunkley ("Dunkley"), and files the following objections to defendant's, Executive Office for United States Attorneys ("EOUSA"), Answer/Motion to Dismiss under Fed.R.Civ. P. 12(b), 28 U.S.C. Although the EOUSA does not explicitly state so in its Answer, because it raises several defenses in fact and law, Dunkley has construed the EOUSA's Answer as a Motion to Dismiss under Fed.R.Civ.P. 12(b), 28 U.S.C.

As such, Dunkley specifically objects to the following:

1. Dunkley objects to Paragraph 1 of the EOUSA's Motion to Dismiss.

In Paragraph 1 of the EOUSA's Motion, it contests that Dunkley has advanced a legitimate cause of action entitling Dunkley to any relief.

In reviewing the sufficiency of a complaint under Rule 12(b) of the Federal Rules of Civil procedure, the court must consider the facts presented in the pleadings as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. Moore v. United States, 213 F.3d 705, 713 n. 7 (D.C.Cir. 2000) cert

denied, 531 U.S. 978, 121 S.Ct. 426, 148 L.Ed.2d 434 (2000). The
court may dismiss a complaint on the ground that it fails to state
a claim upon which relief can be granted if it appears that the
plaintiff can prove no set of facts in support of his claim that
would warrant relief. Fed.R.Civ.P. 12(b)(6); Kowal v. MCI
Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir. 1994); Thomas v.
District of Columbia, 887 F.Supp. 1, 5 n. 2 (D.D.C. 1995).

As his complaint states, Dunkley asserts he can prove that
1) the EOUSA has possession of and control over the records that
Dunkley seeks; 2) Dunkley requested from the EOUSA under 5 U.S.C. §§
552 and 552a et seq. those records; 3) the EOUSA has violated its
statutory duty under the Freedom of Information and Privacy Acts
("FOI/PA") by not releasing 41 pages of records to Dunkley; 4) Dunkley
has exhausted his administrative remedies in seeking release of the
41 pages of records improperly withheld by the EOUSA; and 5) Dunkley
has a statutory right to the records he seeks.

By letter[1] mailed sometime in 2000 or 2001 to the FOIA/PA Unit
of the EOUSA, Dunkley requested all records concerning correspondence
between Assistant United States Attorney William Thomas and both
attorneys that represented Dunkley in a federal criminal case, and
all investigative files and records. On or about July 31, 2002, the

---

1. Dunkley does not have a copy of the request for records that he sent to
the EOUSA. However, that Dunkley requested records from the EOUSA is evidenced
by the fact that the Department of Justice's Office of Information and Privacy
adjudicated Dunkley's appeal of the EOUSA's determination to withhold the
requested records. Exhibit 2

EOUSA responded to Dunkley's request and released several pages in full or in part and withheld 42 pages. On or about August 10, 2002, Dunkley filed with the Department of Justice's Office of Information and Privacy ("OIP") an appeal of the EOUSA's decision to withhold in full 42 pages. Exhibit 1 On February 21, 2003, the OIP responded to Dunkley's appeal and released an additional page but affirmed the EOUSA's action on the remaining 41 pages. Exhibit 2

Dunkley has a statutory right to the 41 withheld pages. The EOUSA has not provided Dunkley with a sufficiently detailed basis for withholding the records. Rather, it merely cites various exemptions as to why it is withholding the records Dunkley seeks.

2. Dunkley objects to Paragraph 2 of the EOUSA's Motion to Dismiss.

In Paragraph 2 of the EOUSA's Motion, it contests the court's jurisdiction to the extent that Dunkley has failed to exhaust his administrative remedies.

Exhaustion of a complaintant's administrative remedies is required under the FOI/PA before complaintant can seek judicial review. Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 366 (D.C.Cir. 1985). See United States v. United States District Court, 717 F.2d 478, 480 (9th Cir. 1983)(Upon exhaustion of administrative remedies, a person not satisfied with an agency's response to document request may institute civil suit in district court for judicial review). The complaintant must request specific information in accordance with published administrative procedures, see 5 U.S.C. § 552(a)(1), (2) and (3), and have the request improperly refused before that party can bring a court action under the FOI/PA. See 5 U.S.C. § 552(a)(4)(B); In re Steele, 799 F.2d 461 (9th Cir. 1986).

3.

Dunkley asserts that he has indeed exhausted his administrative remedies. After Dunkley's request for records was partially denied by the EOUSA, Dunkley filed an administrative appeal to the OIP. Exhibit 1 On February 21, 2003, the OIP responded to Dunkley's appeal and released an additional page but affirmed the EOUSA's action on the remaining 41 pages. Exhibit 2 Dunkley therefore has exhausted his administrative remedies.

3.  Dunkley objects to Paragraph 4 of the EOUSA's Motion to Dismiss.

In Paragraph 4 of the EOUSA's Motion, it denies that the EOUSA is an agency of the United States, but rather an Office of the Department of Justice. EOUSA further denies that it is in possession of the records that Dunkley seeks.

Under the FOI/PA, the court has jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld form the complaintant." 5 U.S.C. § 552(a)(4)(B)(emphasis added). Although the EOUSA is a component of the Department of Justice rather than an agency, the D.C. Circuit has suggested that "components" such as the Federal Bureau of Investigation and the "Executive Office for United States Attorneys" might be considered "agencies" under the FOI/PA. Peralta v. U.S. Attorney's Office, 136 F.3d 169, 173-74 (D.C.Cir. 1998); see also Dipietro v. Executive Office for United States Attorneys, 357 F.Supp.2d 177 (D.D.C. 2004)(FOI/PA action maintained against EOUSA).

4.  Dunkley objects to Paragraph 9 of the EOUSA's Motion to Dismiss.

In Paragraph 9 of the EOUSA's Motion, it states that Dunkley has failed to exhaust his administrative remedies. Dunkley

4.

incorporates his objection to Paragraph 2 of the EOUSA's Motion to Dismiss herein.

WHEREFORE, Dunkley prays that this Court deny the EOUSA's Motion to Dismiss.

Respectfully submitted,

Gregory Dunkley
Pro Se
#49586-019
Federal Prison Camp
P.O. Box 699
Estill, SC 29918

Done on this __3rd__ day of October, 2005.

5.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2005, I caused a copy of the foregoing Objections to Defendant's Motion to Dismiss to be served on Defendant, by first-class mail, postage prepaid, addressed as follows:

Oliver W. McDaniel, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Gregory Dunkley
Pro Se
#49586-019
Federal Prison Camp
P.O. Box 699
Estill, SC 29918