UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DUNKLEY )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**EXECUTIVE OFFICE FOR UNITED** )<br>**STATES ATTORNEYS/FOIA/PA UNIT** )<br>)<br>**Defendant.** )<br>_____) | ) Civil Action No. 05-1544 (RWR) |

**DEFENDANT'S MOTION FOR LEAVE
TO FILE PROPOSED BRIEFING SCHEDULE**

Defendant, through counsel, the United States Attorney for the District of Columbia, in the above-captioned case hereby moves, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, for leave to file a proposed briefing schedule, from November 21, 2005, up to and including today. Inasmuch as Plaintiff, *Pro se*, Gregory Dunkley, is a federal prisoner, Counsel for the Defendant did not attempt to contact him concerning his position on this motion.[1]

Defendant submits that good cause exists to grant this motion for leave to file. For apparent technical reasons, the specific cause of which Counsel has been unable to uncover, Counsel for the Defendant did not receive electronic notification of the Court's order of October 5, 2005, requesting that a dispositive motion or proposed briefing schedule be filed within 45 days. This is the second such problem Counsel experienced recently, with another failed electronic transmission having

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with *pro se* litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

occurred of a memorandum opinion and order filed in the case <u>Jeffers v. Chao</u>, *et al.*, C.A. No. 03-1762 (RMC). While Counsel could have checked the docket, Counsel for the Defendant has had arguments and a number of filings in the Court of Appeals over the past three months, as well as a heavy caseload of other litigation responsibilities that demanded Counsel's attention and, in part, influenced Counsel's oversight. Counsel also had required leave during this period, but was still in town, working on and keeping track of cases, notwithstanding. Counsel regrets this oversight and requests the Court's forebearance.[2] Accordingly, Counsel requests leave to file the attached proposed briefing schedule.

WHEREFORE, Defendant submits that its Motion for Leave to File Proposed Briefing Schedule should be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

---

[2] Counsel did receive electronic notice of the Opposition filed by Plaintiff, *Pro se,* but thought that it was in response to the Answer filed by Defendant, albeit an inappropriate response.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2005, I caused the foregoing Defendant's Motion for Leave to File Proposed Briefing Schedule and Proposed Briefing Schedule to be served on Plaintiff *Pro se*, by mail, postage prepaid, addressed as follows:

**Gregory Dunkley**
**#49586-019**
**Federal Prison Camp**
**P.O. Box 699**
**Estill, S.C.  29918**

_____
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739