IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUNKLEY, GREGORY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, EXECUTIVE OFFICE FOR )<br>UNITED STATES ATTORNEYS, )<br>)<br>Defendants. )<br>_____) | No.   1:05-CV-1544-RWR |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Gregory Dunkley. I have reviewed the complaint which this Declaration addresses.

## **CHRONOLOGY**

4. By letter dated February 1, 2001, Plaintiff submitted his FOIA request asking for access to records pertaining to himself located in the Northern District of Georgia. **Exhibit A.**

5. EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number 01-545 by letter dated April 3, 2001. The Plaintiff was also informed that a request for "all records" is considered a "project request" which takes considerably more time to process than the statutory period. **Exhibit B.**

6. On April 16, 2002, EOUSA received Plaintiff's second request letter dated April 5, 2002. **Exhibit C.**

7. On July 31, 2002, the requester was notified that records had been located in the US Attorney's Office for the Northern District of Georgia. Accompanying this letter were 66 pages of processed material that were released in full ("RIF"), and 42 pages that were released in part ("RIP"). Plaintiff was also notified that 72 pages of materials were withheld in full ("WIF"). In addition, the requester was advised that FOIA exemptions 5 U.S.C. §552 (b)(5), (b)(7)(C), and

PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the withheld material.   **Exhibit D.**

8. By letter dated August 7, 2002, EOUSA received Plaintiff's appeal of the determination which was forwarded to the Office of Information and Privacy ("OIP") for review. Plaintiff's letter specifically refers to the "withholding in full of 72 pages". **Exhibit E.**

9. By letter dated September 23, 2002, the OIP informed Plaintiff that his appeal has been received, assigned an appeal No. 02-3216, and that it will be reviewed in the order that it was received. **Exhibit F.**

10. On February 21, 2003, the OIP notified the Plaintiff that EOUSA's withholdings of the 42 pages that plaintiff appealed about have been affirmed and that his appeal is denied. **Exhibit G.**

11. The discrepancy in page count of the records withheld in full from 72 pages described in paragraph 8 above, to the 42 pages described in paragraph 10 above, has been transposed to the Plaintiff's complaint. However, this declaration and supplemental Vaughn index will encompass all 72 pages processed by the EOUSA. **Exhibit H.**

## ADEQUACY OF THE SEARCH

12. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the Northern District of Georgia ("GAN"). Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Gregory Dunkley to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. After a search of the

computer systems the FOIA Contact for the U.S. Attorney's Office for the Northern District of Georgia reported that she found records responsive to Plaintiff's request.

13. To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/GAN that were listed under the name "Dunkley". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

14. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Dunkley".

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

15. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Northern District of Georgia, ("USAO/GAN"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Gregory Dunkley</u>. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crimes involving importation and distribution of the drug MDMA commonly referred to as "Ecstasy".

16. There are no other records systems or locations within the Northern District of Georgia in which other files pertaining to Plaintiff's criminal case, were maintained.

## VAUGHN INDEX

17. In order to explain the withholdings made by EOUSA, I prepared a Vaughn Index, which is attached to this Declaration as **Exhibit I**. The Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.D.C. 1973). As shown by the Vaughn Index, EOUSA withheld in full 72 pages of documents. The Vaughn Index attached to this declaration describes each document and sets forth the reasons for EOUSA's decisions regarding withholding information for each document.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

18. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next

reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(5)

19. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

20. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to the following documents listed in the Index: Document 1, Document 2, and Document 4.

21. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberatinos concerning asset forfeiture decisions. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

22. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The

attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

23. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Gregory Dunkley.

24. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

25. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

26. EOUSA applied this exemption to all 8 Documents listed in the attached Index.

## SEGREGABILITY

27. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. The documents withheld in full by EOUSA were carefully analyzed for segregability purposes. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

28. Each step in the handling of Mr. Dunkley's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit