Gregory Dunkley
Reg. No. 49586-019
Federal Correctional Institution
PO Box 724
Edgefield, SC 29824

February 1, 2001

FOIA/Privacy Unit
Executive Office for United States Attorneys
Room 7100, 600 E Street, NW
Department of Justice
Washington, DC 20530-0001

RE: FOIA/PA Request
US v. Gregory Dunkley, et al. Docket No. 98-503-1-GET
US District Court for the Northern District of Georgia

Dear Sir or Madam:

This is a request under the FOIA/PA, 5 USC §§552 and 552a.

Specifically, I request copies of the following:

1.) All correspondence, to include hand-written notes, between AUSA William Thomas and defendants' attorneys;

2.) all correspondence, to include hand-written notes, between AUSA Wiiliam Thomas and any agent of the Federal Government or State Law Enforcement Officer; to include, but not limited to, the DEA, US Customs, FBI, and US Military;

3.) reports, to include hand-written notes, of debriefing sessions with defendants

4.) all investigative files and/or reports.

Your assistance in this matter is greatly appreciated.

Sincerely,

Gregory Dunkley





**U.S. Department c lustice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

APR - 3 2001

Request Number: 01-545

Requester: GREGORY DUNKLEY

Subject: SELF/GAN

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for all information about myself in criminal case files are Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c).

Sincerely,
Suzanne Little

COPY

Suzanne Little
Assistant Director
FOIA/PA Unit

Form No. 001 - 6/99



PRO
111

EOUSA/FOIA/PA
02 APR 16 PM 12:19

Reg. No. 49586-019
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918

5 April 2002

Exexcutive Offices for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, DC 20530

RE: ~~01-545~~ 01-546

Dear Sir or Madam:

I am writing to request a final determination of my original request for documents. By letter dated 3 April 2001 you advised me that my request would take approximately nine months to complete. However, it has been more than one year and I have not received any response from your office. Should I not receive the requested information or a letter denying my request, within thirty (30) days from the date of this letter, I will interpret that as a denial of my request and file a complaint in the United States District Court for the District of Columbia.

Your prompt attention in this matter would be greatly appreciated.

Sincerely,

Gregory Dunkley

P.S. Be advised that my address has changed. Please update your records.





U.S. Department c ıstice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

Requester: Gregory Dunkley Request Number: 01-546

Subject of Request: self

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [X] partial [ ] full denial.

Enclosed please find:

66 page(s) are being released in full (RIF);
42 page(s) are being released in part (RIP);
72 page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

In addition, this office is withholding 114 page(s) of grand jury material which is retained in the District.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [X] (j)(2) |
| [ ] (b)(2) | [X] (b)(5) | [X] (b)(7)(C) | [ ] (k)(2) |
| [X] (b)(3) | [ ] (b)(6) | [X] (b)(7)(D) | [ ] (k)(5) |
| FRCP 6e | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] ______ |
| ______ | | [ ] (b)(7)(F) | |

(Pag



[X] A review of the material revealed documents which:

[X] 203 Page(s) originated with another government component. These records were referred to the following component(s) listed for review and direct response to you: USCS- 31; DOJ(Int'l Affairs)-64; DOD- 40; OPM- 17; DEA- 51.

[X] There are public records which may be obtained from the clerk of the court or this office, upon specific request, subject to a copying fee.

[ ] See additional information attached.

[ ] A $ 34.20 copying, $_____ search, and/or $_____ review fee is being assessed for the processing of your request. Please send a certified check or money order for $34.20 payable to the Treasury of the United States, within thirty (30) days. Payment should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

8/15/02

02-3216 FOIA/PA

EOUSA

Gregory Dunkley
#49586-019
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918

7 August 2002

Office of Information and Privacy
United States Department of Justice
Flag Building
Suite 570
Washington, DC 20530

RE: FOI/PA Appeal;
Request Number: 01-546 (Executive Office for United States Attorneys)

Dear Sir or Madam:

This is an appeal pursuant to the Freedom of Information/Privacy Act, 5 U.S.C. §§552, 552a et seq.

Specifically, I am appealing the withholding in full of 72 pages. To the exent that the 72 pages were reviewed for segregability and were found to contain no information which could be segregated, I appeal this determination as well.

Your assistance in this matter is greatly appreciated.

Sincerely yours,

Gregory Dunkley

Gregory Dunkley







01-546 MAK
noted 11/14/02 nep

**U.S. Department of Justice**

EOUSA/FOIA/Office of Information and Privacy

02 OCT 15 PM 2:23

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

SEP 23 2002

Mr. Gregory Dunkley
Register No. 49586-019
Federal Correctional Institution
Post Office Box 699
Estill, SC 29918

Re: EOUSA No. 01-546

Dear Mr. Dunkley:

This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on August 15, 2002.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **02-3216**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones

Priscilla Jones
Acting Chief, Administrative Unit

EOUSA



01-546, MAK
noted 3/18/03, relp

U.S. Department of Justice

Office of Information and Privacy

EOUSA/FOIA/PA
03 FEB 25 AM 10: 24

Telephone: (202) 514-3642 Washington, D.C. 20530

FEB 21 2003

Mr. Gregory Dunkley
Register No. 49586-019
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918

Re: Appeal No. 02-3216
EOUSA No. 01-546
RLH:NSQ

Dear Mr. Dunkley:

You appealed from the action of the Executive Office for United States Attorneys in response to your request for access to records concerning correspondence between AUSA William Thomas and both your attorneys and the United States Government, reports of debriefing sessions with you, and all investigative files and records. I note that your appeal is limited to the forty-two pages that were withheld in full.

After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I have decided to release an additional page to you, a copy of which is enclosed. I am, however, otherwise affirming the EOUSA's action on your request.

The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81 (2002). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

The EOUSA properly withheld from you certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process and attorney work-product privileges;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to

EOUSA - Marie O'Rourke



constitute an unwarranted invasion of the personal privacy of third parties (including third parties of investigative interest); and

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

I have also determined that this information is not appropriate for discretionary release.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

Enclosure

5. By letter mailed sometime in 2000 or 2001 to the Freedom of Information staff of the EOUSA, Dunkley requested all records concerning correspondence between Assistant United States Attorney William Thomas and both attorneys that represented Dunkley in a federal criminal case[1] and all investigative files and records.

6. On or about July 31, 2002, the EOUSA responded (EOUSA No. 01-546) to Dunkley's request and released several pages in full or in part and withheld forty-two (42) pages in full.

7. On or about August 10, 2002, Dunkley filed with the Department of Justice's Office of Information and Privacy ("OIP") an appeal of the EOUSA's decision to withhold in full the 42 pages.

8. On February 21, 2003, the OIP responded (Appeal No. 02-3216) to Dunkley's appeal and released an additional page but affirmed the EOUSA's action on the remaining 41 pages.

9. Dunkley has a statutory right to the records that he seeks, and there is no legal basis for the EOUSA's refusal to disclose them to him.

1. In December, 1998, Dunkley was charged in a three-count indictment (Criminal No. 1-98-CR-503) returned by a grand jury sitting in the Northern District of Georgia. Count One charged Dunkley with conspiracy to possess with the intent to distribute Methylenedioxymethamphetamine ("MDMA"), commonly referred to as "Ecstasy," in violation of 21 U.S.C. § 846. Count Two charged Dunkley with possession with the intent to distribute MDMA, in violation of 21 U.S.C. § 841. Count Three charged Dunkley with importation of MDMA, in violation of 21 U.S.C. §§ 952 and 960. Dunkley subsequently pled guilty to all three counts and was sentenced to an 121-month term of imprisonment.

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br>**"RIF"- Released in full**<br>**"RIP"- Released in part**<br>**"WIF"-Withheld in full**<br>**"NS" - Deemed not segregable after review for segregability.** |
| 1 | 27 | This document is a compilation of handwritten notes taken down by an attorney during the course of case preparation.<br><br>It contains charts, diagrams, lists of names of various individuals, and notes about trial strategy relating to the case. | (b)(5),<br>(b)(7)(C),<br>j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the |

CARDELS 800-7838399 GOVERNMENT EXHIBIT

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |
| 2 | 23 | Document titled "An Application And Affidavit For Search Warrant"<br><br>The document contains numerous details of the investigation of Plaintiff. It provides a description of the course of action taken in the investigation as well as the bases for the beliefs stemming from searches, interviews, and other methods of gathering information. | (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 3 | 4 | Document titled "Detailed Statement of Charges"<br><br>It contains a heading of "BellSouth", a phone company. It is made up of separate pages of a phone bill of a third party individual. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |
| 4 | 4 | Attorney communication, labelled "Draft"<br><br>Document is memorandum from an AUSA to another attorney discussing the case history, evaluating evidence in the case, giving legal opinions and recommendations. The document also contains names of third parties giving information to law enforcement and other third parties mentioned. | (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |
| 5 | 2 | Facsimile page and cover sheet used by the AUSA for internal communication.<br><br>It contains various names of third parties as well as the information they provided, among them addresses and other figures. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 6 | 2 | This is a record of an electricity bill statement from the "Florida Power and Light Company". It is addressed to a third party individual, not the Plaintiff. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |
| 7 | 3 | These pages are photocopies of a passenger airline tickets in the name of a third party individual. Two pages have three ticket copies on them, and one page has a copy of one ticket only. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 8 | 7 | Various photocopies of financial information of a third party individual. Included are copies of personal checks, credit cards, receipt slips for items which could lead to identification of the individual, W-2 wage and tax statement, and bank memorandums addressing an individual. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable. |