UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DUNKLEY ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Civil Action No. 05-1544 (RWR) |
| EXECUTIVE OFFICE FOR UNITED ) | |
| STATES ATTORNEYS/FOIA/PA UNIT ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### DEFENDANT'S MOTION FOR LEAVE TO FILE ITS
### MOTION FOR SUMMARY JUDGMENT,
### TIME FOR FILING HAVING EXPIRED, AND
### MEMORANDUM IN SUPPORT THEREOF

The Defendant, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for leave to file its Motion for Summary Judgment, pursuant to Federal Rule Civil Procedure 6 (b)(2), from the original due date of March 2, 2006, to March 9, 2006, time for filing having expired. Inasmuch as Plaintiff, *Pro se*, Gregory Dunkley, is a federal prisoner, Counsel for the Defendant did not attempt to contact him concerning his position on this motion.[1] As grounds for this motion, Defendant submits the following:

Although Counsel for the Defendant calendared the due date for the dispositive motion using Palm Software on his laptop computer, in the process of transferring and updating information between the laptop and the Palm handheld device, the calendared data became corrupted. Counsel

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with *pro se* litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

thereafter mistakenly calendared the due date as March 9, 2006, instead of March 2, 2006. Counsel did not discover his error until today, March 9, 2006. Defendant regrets this oversight and delay, and requests the Court's forbearance to grant Defendant leave to file the motion. Defendant consents to the restructuring of the briefing schedule so that Plaintiff will not be prejudiced by this delay.

                                            Respectfully submitted,

                                            KENNETH L. WAINSTEIN
                                            UNITED STATES ATTORNEY
                                            D.C. BAR NUMBER 451-058

By:                /s/
      OLIVER W. MCDANIEL, D.C. Bar No. 377-360
      Assistant United States Attorney
      Civil Division
      555 4th Street, N.W.
      Washington, D.C.  20530
      (202) 616-0739

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of March, 2006, I caused the foregoing Defendant's Motion for Leave to File Its Motion for Summary Judgment, Time for Filing Having Expired, and Memorandum in Support Thereof, attached Motion for Summary Judgment, Statement of Material Facts Not In Genuine Dispute and proposed order, to be served on Plaintiff *Pro se* by the Electronic Court Filing System, to the extent he has access, and by mail, postage prepaid, addressed as follows:

Gregory Dunkley
#49586-019
Federal Prison Camp
P.O. Box 699
Estill, S.C.  29918

/s/
Oliver W. McDaniel, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739