RECEIVED

MAR 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DUNKLEY,

    Plaintiff,

v.    Civil Action No.: 05-1544 (RWR)

EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS/FOIA/PA UNIT,

    Defendant.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Comes now Plaintiff, Gregory Dunkley, pro se, and respectfully submits his opposition to Defendant's motion for summary judgement. Plaintiff stipulates that no genuine issue of material fact exists. However, Defendant is not entitled to judgement as a matter of law inasmuch as Defendant's withholding of information from Plaintiff in response to his FOIA request was not legally justified.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

#### I. CONCESSIONS

**A. Defendant Properly Applied Exemption 5 to Parts of Documents 1 and 2**

Plaintiff concedes that Defendant properly applied 5 U.S.C. § 552(b)(5) ("Exemption 5") to the **parts** of Documents 1 and 2 which relate to the following:

    1. attorney work product which reveals the U.S. Attorney's opinion, theory of the case, facts, assessment of the facts, impression of witnesses, the strength of various evidence and problems areas in the case, and issues upon which the attorney could present the case; and

    2. the deliberative process of the U.S. Department of Justice which reveal matters that are pre-decisional communications among government personnel, which,

if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.

### B. Defendant Properly Applied Exemption 7(C) to Document 6

Plaintiff concedes that Defendant properly applied 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)") to Document 6. Plaintiff also concedes to Defendant's determination that no part of Document 6 is segregable.

## II. ARGUMENT

### A. Standard For Evaluating Summary Judgement Motions

In a FOIA action, the Court may award summary judgement solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with **reasonably specific detail,** demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)(emphasis added); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980)(internal citations and quotation omitted).

### B. Defendant's Nondisclosure of Responsive Documents Based on Exemption 7(C) is Improper

Exemption 7(C) of the FOIA protects from mandatory disclosure records complied for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court

must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. Beck v. Department of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993); Stern v. FBI, 737 F.2d 84, 91 (D.C. Cir 1984). Significantly, it is the "interest of the general public, and not that of the private litigant" that the Court consider in the analysis. Brown v. FBI, 658 F.2d 71, 75 (2nd Cir. 1981(citing Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to." Davis v. U.S. Department of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 79, 773 (1989)). The privacy interest of third parties mentioned in law enforcement files are "substantial," while "[the] public interest in disclosure is [third-party identities] is not just less substantial, it is insubstantial." Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991). "Exemption 7(C) ordinarily permits the Government to withhold only specific information to which it applies [i.e., names, addresses, and other identifying information], not the entire page or document in which the information appears ...." Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000); Coleman v. FBI, 13 F.Supp.2d 75, 79-80 (D.D.C. 1998).

Plaintiff asserts that Defendant's justifications for nondisclosure, on the basis of Exemption 7(C), of Documents 1, 3, 4, 5, 7, and 8 lack "reasonably specific detail," Military Audit Project, 656 F2d at 738, to warrant summary judgement. Defendant has not explained why it could not release parts of Documents 1, 3, 4, 5, 7, and 8 without disclosing the protected third-party identifiers. The "categorial approach utilized by [Defendant in its justifications] is insufficient to support the claimed exemptions." Hronek v. Drug Enforcement Administration, 16 F.Supp.2d 1260, 1274-75.

Defendant's nondisclosure of Document 2, which is titled "An Application And Affidavit For Search Warrant," is also improper. This document was filed in November of 1998 in the Clerk's Office for the U.S. District Court for the Southern District of Florida in connection with a criminal action against Plaintiff. It has already been made public and, therefore, has lost its exempt status. Cf. Cooper v. Internal Revenue Service, 450 F.Supp. 752 (D.D.C. 1977)(IRS ordered to release documents to FOIA complaintant that it had previously made public by its use of them as evidentiary exhibits in Tax Court). Moreover, the U.S. Attorney's Office for the Northern District of Georgia provided Plaintiff with a copy of Document 2 in response to a discovery request in the aforementioned criminal action against Plaintiff. As such, none of Defendant's claimed exemptions for Document 2 apply. When "an agency discloses the soft-after information in response to discovery request in unrelated litigation, the privilege [Exemption 5] is waived." Nissen Foods (USA) Co. v. NLRB, 540 F.Supp 584, 586 (E.D. Pa. 1982)(citing North Dakota ex rel. Olson v. Andrus, 581 F.2d 177 (8th Cir. 1978)).

### III.    SEGREGABILITY

#### A.    Defendant's Determination of Segregability is Insufficient

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). In order to demonstrate that all reasonably segregable materials has been released, the agency must provide a "detailed

4

justification" rather than "conclusory statements." Mead Data, 566 F.2d at 261.

Plaintiff has failed to provide detailed justifications for its segregability determinations. Blanket, conclusory explanations, such as those contained in the Declaration of David Lucynski at ¶27 & Exh. I, do not meet FOIA's requirements on segregability. Rejecting similar agency submissions in Davin v. U.S. Dept. of Justice, 60 F.3d 1043, 1052 (3rd Cir. 1995), the Third Circuit explained:

> The government fails to indicate why the privacy interests at stake could could not be protected simply by redacting particular identifying information. Without some further elaboration of the document's contents, [plaintiff] is unable to dispute the [agency's] assertion that more information is not segregable. Cf. Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224, 232 n. 1 (1st Cir. 1994)(the government "needs to provide more than [an] unsupported conclusion to justify withholding the whole document. Is the document full of personal anecdotes, whose perspective would tend to reveal the declarant, thus supporting this conclusion? Or does the document * * * include material that could be segregated from the identifying information?").

id.

## CONCLUSION

WHEREFORE, Plaintiff respectfully submits that Defendant's motion for summary judgement should be denied.

Respectfully submitted,

_Gregory Dunkley_
Gregory Dunkley
Pro Se
#49586-019
Federal Prison Camp
P.O. Box 699
Estill, SC 29918

On this 19th day of March, 2006.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2006, I caused the foregoing Plaintiff's Opposition to Defendant's MOtion For Summary Judgement to be served on Defendant, by mail, postage prepaid, addressed as follows:

Oliver W. McDaniel
D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Gregory Dunkley
Pro Se
#49586-019
Federal Prison Camp
P.O. Box 699
Estill, SC 29918