UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DUNKLEY )<br>)<br>Plaintiff, )<br>v. )<br>)<br>EXECUTIVE OFFICE FOR UNITED )<br>STATES ATTORNEYS/FOIA/PA UNIT )<br>)<br>Defendant. )<br>_____ ) | ) Civil Action No. 05-1544 (RWR) |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully files this reply memorandum in response to Plaintiff's Opposition to Defendant's motion for summary judgment. Plaintiff makes significant concessions and fails to address significant arguments so that no genuine issue of material fact precludes judgment for Defendant, and Defendant is entitled to judgment as a matter of law.

**DISCUSSION**

Plaintiff's Concessions

Plaintiff concedes that Defendant properly applied exemption 5 to documents 1 and 2 and properly applied exemption 7(c) to document 6. Accordingly, Plaintiff has removed these issues from contention and conceded that Defendant is entitled to judgment as a matter of law as to these documents.

Other Documents – 1, 3-5, 7-8

Plaintiff concedes that exemption 7(c) permits protection of third-party identification information, but argues that Defendant's declaration lacks sufficient detail justifying disclosure of

segregable portions of the document not containing privacy protected information. See Opp. at 3. Plaintiff also contends that document 2 has been disclosed to him in his criminal case, and that, as a result, any claimed exemption has been waived. See Opp. at 4. Finally, Plaintiff claims that the segregability analysis is insufficient. See Opp. at 4-5.

However, in advancing his arguments Plaintiff failed to address and thus concedes Defendant's argument that "[e]xemption (j)(2) exempts from disclosure 'any system of records within the agency,' as long as the agency that maintains the system of records 'performs as its principal function any activity pertaining to the enforcement of criminal laws....' 5 U.S.C. § 552a(j)(2)." Dorsett v. U.S. Dept. of Treasury, 307 F.Supp.2d 28, 35 (D.D.C. 2004). Plaintiff cannot overcome this fatal omission.

Secondly, apart from exemption (j)(2), Plaintiff, in questioning Defendant's withholding of information from document 1, ignores the application of exemption 5 and his own concession that the exemption applies to the document. Plaintiff further fails to address the application of exemption 5 to documents 3 through 8, specifically the fact that the documents are clearly described as attorney work product or as some other deliberative material.[1] See United States v. Armstrong, 517 U.S. 456 (1996); Maricopa Audubon Society v. United States Forest Serv., 108 F.3d 1082, 1084 n.1 (9th Cir. 1997); Antonelli v. Sullivan, 732 F.2d 560, 561 (7th Cir. 1983); Jimenez v. FBI, 938 F. Supp. 21, 28 (D.D.C. 1996); Durham v. United States Dep't of Justice, 829 F. Supp. 428, 433 (D.D.C. 1993); Harvey v. United States Dep't of Justice, 747 F.Supp. 29, 37 (D.D.C. 1990); Ferri v. United States Dep't of Justice, 573 F. Supp. 852, n.33 (W.D.Pa. 1983).

---

[1] While the Vaughn index (Exhibit I, attached to the Declaration of David Lucynski) may have, because of inadvertent, omitted a number reference to exemption 5 in the "Exempt Status" column, extensive reference and description of the claimed exemption is made in the "Justification" column as to documents 2 through 8.

Documents 5, 7 and 8 describe documents – (5) a facsimile page and cover sheet, (7) photocopies of airline tickets and (8) photocopies of personal financial information – that indisputably constitute the type of personal, privacy protected information that is clearly associated with a law-enforcement investigation that should be exempt from disclosure under 7(c). (Exhibit I, attached to the Declaration of David Lucynski.)  Again, an agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity.  <u>Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice</u>, 816 F.2d 730, 780 (D.C. Cir. 1987), *modified on other grounds*, 831 F.2d 1124 (D.C. Cir. 1987), *rev'd on other grounds*, 489 U.S. 749 (1989); <u>Nation Magazine v. U.S. Customs Service</u>, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); <u>SafeCard Services, Inc. v. S.E.C.</u>, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

Plaintiff's argument that his prior receipt of the document as part of criminal discovery effected a waiver of all exemptions is also unavailing.  This argument is not consistent with authority from this court.  See <u>Mehl v. United States Environmental Protection Agency</u>, 797 F. Supp. 43, 47-48 (D.D.C. 1992) (concluding that "a partial disclosure of the contents of a document does not constitute a waiver of the applicable FOIA exemptions for the entire document.") Plaintiff cannot establish that the specific information he received, allegedly, is the same as the information referenced in the description of document 2.  As stated by the Court in <u>Edmonds v. U.S. Dept. of Justice</u>, 405 F.Supp.2d 23 (D.D.C. 2005),

> the D.C. Circuit held that the plaintiff's reliance on newspaper stories that generally referred to the tapes did not meet the specificity required. . . . The court emphasized that the plaintiff had to show 'the exact portions' of the tapes that were played. . . . In <u>Davis</u>, the court also noted that as a practical matter, waiver under <u>Afshar</u> yields the FOIA plaintiff little new information. . . . Indeed, if a plaintiff can establish that the specific records she seeks have become "freely available, there would be no reason to invoke FOIA to obtain access to the information."

Edmonds, 405 F.Supp.2d at 31 (citation references in text omitted), quoting and citing Davis v. Dep't of Justice, 968 F.2d 1276, 1278, 1280 (D.C.Cir.1992) and quoting U.S. Dept. of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 764 (1989); see also Afshar v. Dept. of State, 702 F.2d 1125, 1130 (1983).  Likewise, here if Plaintiff could make the required showing, he would have no need for the requested document.

WHEREFORE, Defendant respectfully submits that its motion for summary judgment should be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2006, I caused the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment to be served on Plaintiff *Pro se*, by mail, postage prepaid, addressed as follows:

**Gregory Dunkley**
**#49586-019**
**Federal Prison Camp**
**P.O. Box 699**
**Estill, S.C.  29918**

/s/
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739