UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DUNKLEY,

          Plaintiff,

   v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,

          Defendant.

Civil Action 05-1544 (RWR)

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on defendant's motion for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record, the Court will grant the motion in part and deny it in part without prejudice.

I.   BACKGROUND

Plaintiff submitted a request for information under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Executive Office for United States Attorneys ("EOUSA"). Complaint ("Compl.") ¶ 5. He sought the following information:

    1.)    All correspondence, to include hand-written notes, between AUSA William Thomas and [plaintiff's] attorneys;

    2.)    all correspondence, to include any hand-written notes, between AUSA William Thomas and any agent of the Federal Government or State Law Enforcement Officer; to include, but not limited to, the DEA, US Customs, FBI, and US Military;

    3.)    reports, to include hand-written notes, of debriefing sessions with [plaintiff]

    4.)    all investigative files and/or reports.

1

Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mot."), Delcaration of David Luczynski ("Luczynski Decl."), Ex. A (February 1, 2001 FOI/PA Request). EOUSA released 66 pages in full, released 42 pages in part, and withheld 72 pages in full. *Id.*, Ex. D (Response to Request No. 01-546).[1] In addition, EOUSA referred 203 pages to other government components where the documents originated. *Id.* Plaintiff challenged EOUSA's decision to withhold 72 pages in full by filing an administrative appeal with the Office of Information and Privacy ("OIP"). *Id.*, Ex. E (7 August 2002 FOI/PA Appeal); Compl. ¶¶ 7-8. The appeal resulted in the release of only one additional page. Luczynski Decl., Ex. G (February 21, 2003 response to Appeal No. 02-3216).

In this action, plaintiff demands the release of all requested records in their entirety. *See* Compl. at 3.

## II. DISCUSSION

### *A. Summary Judgment Standard*

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party

---

[1] The EOUSA also withheld in full 114 pages of grand jury materials. *See* Luczynski Decl., Ex. A.

submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[2] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Serv., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of*

---

[2] In support of its motion, defendant submits the declaration of David Luczynski, an Attorney Advisor with EOUSA. Luczynski Decl. ¶ 1. In that capacity, he acts as a liaison with other Justice Department offices in responding to FOIA requests and litigation. *Id.* Mr. Luczynski reviews FOIA requests and case files arising therefrom, reviews searches conducted in response to FOIA requests and related correspondence, locates records, and prepares the EOUSA's responses "to assure that determinations to withhold (or to release) such responsive records are in accordance with" FOIA and "Department of Justice regulations." *Id.* He is familiar with the handling of plaintiff's FOIA request. *Id.* ¶ 3.

*Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

Plaintiff's FOIA request noted the criminal case number and federal district where he was tried: the United States District Court for the Northern District of Georgia. *See* Luczynski Decl., Ex. A. Accordingly, EOUSA staff referred the request to the FOIA Contact for the United States Attorney's Office for the Northern District of Georgia ("USAO-GAN"). *Id.* ¶ 12.

"Each United States Attorney's Office maintains the case files for criminal cases prosecuted by that office." Luczynski Decl. ¶ 12. Each office uses the Legal Information Office Network System ("LIONS") "to track cases and to retrieve files pertaining to cases and investigations." *Id.* ¶ 14. With LIONS, staff can "access databases which can be used to retrieve information based on a [criminal] defendant's name, the USAO number (United States[] Attorney's Office internal administrative number), and the district court case number." *Id.* The FOIA Contact person for the USAO-GAN "looked for records in the computer tracking system for the USAO-GAN that were listed under the name 'Dunkley.'" *Id.* ¶ 13. The responsive

4

records were "maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Gregory Dunkley</u>." *Id.* ¶ 15.

Having considered defendant's arguments, which plaintiff did not oppose, the Court concludes that defendant conducted a reasonable and adequate search for records responsive to plaintiff's FOIA request.

### C. Exemptions

FOIA requires a federal government agency to make its records available to the public, unless those records or portions of records are protected from disclosure by a FOIA exemption. *See generally* 5 U.S.C. §552(a). In this case, defendant withholds information under Exemptions 5 and 7(C).

### 1. Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." *Burka v. United States Dep't of Health and Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

Attorney work product is among the types of material that is not available in discovery. *See, e.g., Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 27 (1983). The attorney work-product privilege protects material gathered and memoranda prepared by an attorney in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). Records are

properly withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3).  The privilege also "covers factual materials prepared in anticipation of litigation, as well as mental impressions, conclusions, opinions, and legal theories." *Heggestad v. United States Dep't of Justice*, 182 F. Supp.2d 1, 8 (D.D.C. 2000) (citing *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 620 (D.C. Cir. 1997)).

      The deliberative process privilege "shields only government 'materials which are both predecisional and deliberative.'" *Tax Analysts*, 117 F.3d at 616 (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)).  A document is "deliberative" if it "makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).  When evaluating the deliberative character of agency documents, courts often distinguish between factual material that must be disclosed and advice and recommendations that may be withheld.  *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (quoting *Wolfe*, 839 F.2d at 774).  The distinction between fact and opinion may be an elusive one and, as a result, the focus must remain on whether the information "bear[s] on the formulation or exercise of agency policy-oriented *judgment*." *Petroleum Info. Corp. v. United States Dep't of the Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (emphasis in original).  A "deliberative" document reflects the "give and take'" of the deliberative process and contain "opinions, recommendations, or advice about agency policies." *Arthur Andersen & Co. v. Internal Revenue Serv.*, 679 F.2d 254, 257 (D.C. Cir. 1982).  Attorney work product will often also be protected under the deliberative process privilege.  *Heggestad*, 182 F. Supp.2d at 7.

In this case, defendant withholds in full a four-page draft memorandum from one Assistant United States Attorney to another "discussing the case history, evaluating evidence in the case, [and] giving legal opinions and recommendations." Luczynski Decl., Ex. I (*Vaughn* Index, Doc. No. 4). The declarant explains that the memorandum, which was prepared in anticipation of litigation, "contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impressions of the witnesses, the strength of the various evidence and problem areas of the case, and issues upon which the attorney could present the case." *Id.* Further, the declarant states that the memorandum contains "pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government." *Id.*

Defendant establishes that "[t]he attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product." Luczynski Decl. ¶ 22. The Court concludes that both the attorney work product and deliberative privileges apply to the memorandum, and that the memorandum properly is withheld in full under Exemption 5.[3]

## 2. Exemption 7(C)

### a. Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that the production of such records would cause an enumerated harm. 5 U.S.C. § 552 (b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456

---

[3] Plaintiff concedes that "Defendant properly applied [Exemption 5] to the parts of Documents 1 and 2 which relate to" attorney work product and the deliberative process. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 1-2.

U.S. 615, 622 (1982). Given the nature of plaintiff's FOIA request and the declarant's description, defendant meets the threshold requirement that the records at issue were compiled for law enforcement purposes. The responsive records "pertain[] to the investigation, prosecution, and conviction of the Plaintiff for his crimes involving importation and distribution of the drug MDMA commonly referred to as 'Ecstacy.'" Luczynski Decl. ¶ 15.

b. Third Parties and Law Enforcement Personnel

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). It is the "interest of the general public, and not that of the private litigant," that the Court considers in this analysis. *Brown v. Fed. Bureau of Investigation*, 658 F.2d 71, 75 (2d Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 282 (D.C. Cir. 1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

EOUSA applies Exemption 7(C) to all eight of the responsive documents. Luczyinski Decl. ¶ 26. The law enforcement records at issue are a third party's telephone bill, a fax and cover sheet used by the AUSA for intra-office communication, photocopies of a third party's airline tickets, and photocopies of financial information pertaining to a third party. *See Vaughn*

Index (Doc. Nos. 3, 5, 7, 8).[4] The declarant explains that these third parties, among whom are law enforcement personnel, provided information to the team investigating plaintiff's criminal activities. *See id.* Release of the identities of and personal information about the third parties mentioned in these records "could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment." *Id.* ¶ 24.

Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *See Reporters Comm. for Freedom of the Press*, 489 U.S. at 773-775; *SafeCard Serv., Inc.*, 926 F.2d at 1205-06. The disclosure of the names of private individuals mentioned in law enforcement files would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis*, 968 F.2d at 1282 (quoting *SafeCard Serv., Inc.*, 926 F.2d at 1205-06). Plaintiff offers no evidence, compelling or otherwise, to overcome the recognized privacy interests protected by Exemption 7(C).

Exemption 7(C) allows broad categorical protection of information that identifies third parties in law enforcement records. *See Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (records revealing subjects, witnesses, and informants in law

---

[4] The Court's rulings and plaintiff's concessions have covered the remaining four documents. The Court has concluded that Doc. Nos. 1, 2 and 4 properly are withheld in full under Exemption 5, and plaintiff has conceded that Doc. No. 6 properly is withheld in full under Exemption 7(C). *See* Pl.'s Opp. at 2.

enforcement investigations categorically exempt); *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) (finding legitimate interest in preserving the identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *see also SafeCard Serv., Inc.*, 926 F.2d at 1205.  Individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity."  *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 92 (D.C. Cir. 1984).

### D.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022 , 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  On the issue of segregability, the declarant makes the identical statement, referring to "Document 7," with respect to each of the eight documents described in the *Vaughn* Index.  The inclusion and repetition of this statement in the *Vaughn* Index may be in error.  The declarant asserts that the attorney work product and deliberative process privileges justify the withholding in full of these records, even where Exemption 5 is not asserted.  The Court will deny defendant's motion without prejudice on the segregability issue, and will give defendant an opportunity to renew its motion, supplement its supporting declaration and submit a revised *Vaughn* Index.  Plaintiff will have an opportunity to respond to any further submission.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. #16] is GRANTED IN PART.  Defendant conducted a reasonable and adequate search for records responsive to

plaintiff's FOIA request, and it properly withheld information under Exemptions 5 and 7(C). Its motion for summary judgment is DENIED IN PART WITHOUT PREJUDICE on the question of segregability. It is further

ORDERED that defendant shall file a renewed summary judgment motion within 30 days of entry of this Order. Plaintiff shall file his opposition or other response within 30 days of service of defendant's renewed motion.

SO ORDERED.

Signed this 31st day of January, 2007.

/s/
RICHARD W. ROBERTS
United States District Judge