UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DUNKLEY ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 05-1544 (RWR) |
| EXECUTIVE OFFICE FOR UNITED ) | |
| STATES ATTORNEYS/FOIA/PA UNIT ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to this Court's January 31, 2007 Memorandum Opinion and Order, the Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this supplemental motion for summary judgment and memorandum of points and authorities in support thereof. In its Order, this Court concluded that "Defendant conducted a reasonable and adequate search for records responsive to plaintiff's request under the Freedom of Information Act (FOIA), and it properly withheld information under Exemptions 5 and 7(c)" and granted Defendant's Motion for Summary Judgment in part. Id. at 10. However, this Court also denied in part without prejudice Defendant's Motion for Summary Judgment on the question of segregability and gave Defendant "an opportunity to renew its motion, supplement its supporting declaration and submit a revised Vaughn Index." Id. at 10-11. The Court denied Defendant's Motion for Summary Judgment on the issue of segregability because Defendant asserted attorney work product and deliberative process privileges in support of withholding in full eight records even where Exemption 5 was not asserted for those records. Id. at 10. Specifically, the Court noted that the inclusion of language referring

to "Document 7"[1] as to each of the eight documents described in the Vaughn Index "may be in error." Id. In an effort to rectify this error, Defendant has attached to this supplemental motion for summary judgment the Supplemental Declaration of David Luczynski (Exhibit 1) and a Supplemental Vaughn Index table.

Defendant respectfully supplements its motion, pursuant to Fed. R. Civ. P. 56, for summary judgment in favor of Defendant since no genuine issue of material fact precludes it and since Defendant is entitled to judgment as a matter of law inasmuch as Defendant's withholding of information against Plaintiff's FOIA requests was legally justified. In support hereof, the Court is as well respectfully referred to the previously filed motion for summary judgment and memorandum of points and authorities in support thereof and statement of material facts not in genuine dispute.

## **SEGREGABILITY**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). See also National Sec. Archive Fund, Inc. v. C.I.A., 402 F.Supp.2d 211, 221 (D.D.C. 2005)
(finding that the declaration "provides sufficient detail of the nature of the classified and other exempt information contained in the document for the Court to conclude that those isolated words or phrases that might not be redacted for release would be meaningless"); Delta Ltd. v. U.S.

---

[1] This language reads "Document 7 is a memorandum from an AUSA to the Chief of the Asset Forfeiture Division, a memorandum between government attorneys. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning asset forfeiture decisions. Thus the document is not segregable."

Customs and Border Protection, 384 F.Supp.2d 138, 153 overruled on other grounds, 393 F.Supp.2d 15 (D.D.C. 2005) ("[m]any of the documents were withheld in full because release of the remaining information on the documents after appropriate redactions would 'have left only mere templates or unintelligible or meaningless words and phrases because such non-exempt information was so inextricably intertwined with exempt material.' As a result, this Court finds that defendant has met its burden of reasonable segregability in its application of the FOIA.") (internal citations omitted).

The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. Mead Data, 566 F.2d at 260. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). In the instant case, David Luczynski's Supplemental Declaration (hereinafter "DL Supp. Dec") and Supplemental Vaughn Index table provide clear and detailed explanations concerning the segregability of each document. See DL Supp. Dec at ¶¶ 5-13.

## FOIA EXEMPTION (b)(7)(c)

In his Supplemental Declaration, Mr. Luczynski immediately addresses the Court's concerns regarding the proper application of the attorney work product rule. Id. at ¶ 5 (noting that "The nonsegregable portions of documents fall into two categories, those containing attorney work product and those that do not."). He acknowledges that "the Court correctly noted that identical statements within the Vaughn Index referencing 'Document 7' were submitted in error." Id. at ¶ 2. His Supplemental Declaration corrects those mistakes and [together with the Vaughn Index table] constitutes the "Vaughn Index in its intended format ." Id.

Exemption (b)(7)(c) applies to Documents 3, 5, 6, 7 and 8. Id. at ¶ 5. Exemption (b)(7)(c) protects from public disclosure information compiled for law enforcement purposes, if such

3

disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Id. Documents 3, 5, 6, 7, and 8 "only contain information concerning third party privacy interests." Id. The information contained in these documents was compiled to facilitate the investigation and criminal prosecution of Plaintiff/Requester (law enforcement purpose). Id. Thus, Documents 3, 5, 6, 7 and 8 are exempt from disclosure under Exemption (b)(7)(c).

EOUSA determined that no meaningful portions of the documents withheld could reasonably be released without destroying the integrity of those document as a whole or the fact that what would be released would be rendered meaningless. Id. at ¶ 6. "No reasonably segregable non-exempt information has been withheld from the Requester." Id.

Mr. Luczynski meticulously discusses the segregability issue regarding Documents 3, 5, 6, 7, and 8. DL Supp. Dec. at ¶¶ 7-11. If all exempt information critical to protecting a third party's individual privacy rights is redacted from Documents 3, 5, 6, and 7, then these documents will be rendered meaningless. Id. at ¶¶ 7, 8, 9, 10. Document 8 fails to make any mention of Plaintiff or anything relating to him. Id. at ¶ 11. Since Document 8 is not related to Plaintiff, EOUSA would not have considered it responsive to his FOIA request. Id. Thus, Defendant has shown that Documents 3, 5, 6, 7, and 8 are exempt from disclosure under Exemption (b)(7)(c) and that they contain no reasonably segregable non-exempt information.

## FOIA EXEMPTION (b)(5)

EOUSA applied both Exemptions (b)(5) and 7(c) to Documents 1, 2, and 4. DL Supp. Dec. at ¶ 12. Exemption (b)(5) protects three types of privileged documents or communications: attorney work product, deliberative process and attorney-client materials. Id.

Documents 1, 2, and 4 clearly fall within Exemption (b)(5). Id. These documents contain work product and prosecutorial recommendations. Id. They include a prosecutor's interpretations

4

and evaluations of the pertinent facts and law, as well as legal opinions concerning Plaintiff/Requester's criminal case and the federal interest therein. Id. Public disclosure of these records would jeopardize future internal candid and comprehensive deliberations essential for meaningful, efficient, and effective decision-making by federal law enforcement agencies. Id. The memo withheld was thus deemed subject to Exemption (b)(5) in its entirety. Id.

EOUSA also conducted a proper segregability analysis on Documents 1, 2, and 4. DL Supp. Dec. at ¶ 13. It evaluated each document and each page contained within each document for segregability. Id. When EOUSA determined that no meaningful portions of the document could reasonably be released without destroying the integrity of the document as a whole, it correctly concluded that the document should be withheld in its entirety. Id. EOUSA's careful examination and rigorous analysis ensured that no reasonably segregable non-exempt information was withheld from Plaintiff. Id.

## **CONCLUSION**

WHEREFORE, Defendant respectfully submits that its supplemental motion for summary judgment should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739

April 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2007, I caused the foregoing Defendant's Supplemental Motion for Summary Judgment with accompanying Supplemental Declaration and Supplemental <u>Vaughn</u> Index and Proposed Order to be served on Plaintiff *Pro se*, by mail, postage prepaid, addressed as follows:

**Gregory Dunkley**
**#49586-019**
**Federal Prison Camp**
**P.O. Box 699**
**Estill, S.C. 29918**

                                                /s/
                                OLIVER W. MCDANIEL, D.C. BAR # 377360
                                Assistant United States Attorney
                                Civil Division
                                555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                (202) 616-0739