UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DUNKLEY )<br>)<br>Plaintiff, )<br>v. )<br>) Civil Action No. 05-1544 (RWR)<br>EXECUTIVE OFFICE FOR UNITED )<br>STATES ATTORNEYS/FOIA/PA UNIT )<br>)<br>Defendant. )<br>_____) | |

## SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI

1. This is a supplemental declaration on behalf of the Executive Office of United States Attorneys (EOUSA) specifically providing further information and analysis concerning the segregability of eight (8) documents that EOUSA withheld in full from Plaintiff in response to his FOIA request in the above-captioned case.

2. In its *Memorandum Opinion,* the Court correctly noted that identical statements within the *Vaughn Index* referencing "Document 7" were submitted in error. I have since corrected the mistakes and submit the accompanying *Vaughn Index* in its intended format.

## SEGREGABILITY

3. Plaintiff's FOIA request (**Exhibit A**), while generally considered a "global" request, i.e., one in which a requester seeks any and all records relating to him and his case, was in fact, specifically itemized in its scope. Plaintiff's request included 4 parts and was worded as follows:

> 1.) All correspondence, to include hand-written notes between AUSA William Thomas and defendants' attorneys;
> 2.) all correspondence, to include hand-written notes, between AUSA William Thomas and any agent of the Federal Government or State Law Enforcement Officer; to include, but not limited to, the DEA, US Customs, FBI, and US Military;
> 3.) reports, to include hand-written notes, of debriefing sessions with defendants
> 4.) all investigative files and/or reports.

4. The breadth of Plaintiff's request was such that it necessitated the search of all available records concerning Plaintiff and his case. As such, in the spirit of facilitating maximum disclosure permitted by law, consistent with the goals of the FOIA, EOUSA processed the request with the goal of releasing any permissible information. Consequently, EOUSA released in full to Plaintiff 66 pages of records and released in part 42 pages of records.

## FOIA EXEMPTION (b)(7)(c)

5. The nonsegregable portions of documents fall into two categories, those containing attorney work product and those that do not. Documents 3, 5, 6, 7 and 8 only contain information concerning third party privacy interests. Exemption (b)(7)(C) protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. All the information contained in these documents was clearly compiled for law enforcement purposes, that is, to facilitate the investigation and criminal prosecution of Plaintiff/Requester.

6. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. All information withheld was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity of those document as a whole or the fact that what would be released would be rendered meaningless. In short, no reasonably segregable non-exempt information has been withheld from the Requester.

7. Document 3 listed in the *Vaughn Index* is a facsimile of a phone bill relating to another individual. For the purposes of the FOIA, it is impossible to determine which itemized calls and their respective numbers would be significant in protecting a third party individual's privacy

interests. Redacting the document in an appropriate manner would only leave scattered words such as: "Rates," "Amount," "Local Usage," "Billing information," displayed on the pages. This approach would, in fact, render the entire document meaningless to anyone. For this reason, EOUSA concluded that Document 3 should be withheld in full.

8. Document 5 consists of a facsimile cover sheet as well as a real estate broker's analysis of market value of a given property. At this time, EOUSA is unable to determine conclusively the particular relationship of Plaintiff to this property, but it is clear from the records that neither individual referenced is, in fact, the Plaintiff, nor is the Plaintiff mentioned anywhere within the document. Redacting all the third party information from both pages would again render the document meaningless.

9. Document 6 is an FPL ("Florida Power and Light") electricity bill for a given address. Given its contents, EOUSA determined that it must be processed in the same way that it processed Document 3, the phone bill. Consequently, redacting all the third party information from both pages would again render the document meaningless, so that EOUSA determined that the document should be withheld in full.

10. Document 7, like Documents 3 and 6, consists of copies of airline tickets and effectively amounts to a receipt. Nothing, including the passengers' names on the face of those tickets, makes any references to the Plaintiff, so that only meaningless information could be released.

11. Document 8 consists of copies of different financial records concerning an individual other than Plaintiff. It is made up of bank receipts, credit cards, rental agreements, as well as a payroll check. Nowhere in these records is there any mention of Plaintiff or anything relating to him. This is the case for all the records that were withheld in full in light of the EOUSA's approach of treating Plaintiff's FOIA request as a "global" request. Moreover, had EOUSA considered Plaintiff's

FOIA request to be more narrow in scope, EOUSA would not have considered these records as related to the Plaintiff and would not have considered them to be responsive to his FOIA request.

### FOIA EXEMPTION (b)(5)

12. Concerning EOUSA's withholding of Documents 1, 2, and 4, EOUSA applied exemption (b)(5) in addition to exemption 7(C), described above. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three types of such privileged documents or communications protected by this exemption: attorney work product, deliberative process and attorney-client materials. EOUSA invoked FOIA Exemption (b)(5), in connection with the documents described in the accompanying *Vaughn* index, to protect intra-governmental law enforcement information and recommendations covered by the attorney work product and deliberative process privileges. The documents withheld contain work product and prosecutorial recommendations. The documents withheld reflect a prosecutor's interpretations and evaluations of the pertinent facts and law, as well as legal opinions concerning Plaintiff/Requester's criminal case and the federal interest therein. Public disclosure of these materials would chill sensitive internal deliberations and hinder effective enforcement of federal criminal laws. To disclose the material withheld would reveal pre-decisional communications among government officials related to litigation theories, issues, alternatives, and/or strategies. Disclosure would jeopardize future candid and comprehensive deliberations essential for meaningful, efficient, and effective decision-making by federal law enforcement agencies. The memo withheld was thus deemed subject to Exemption (b)(5) in its entirety.

13. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Where EOUSA determined that the information contained in a document should be withheld in its

entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy interests of third parties. The documents withheld in full by EOUSA were carefully evaluated for segregability purposes. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

14.     Each step in the handling of Mr. Dunkley's request has been entirely consistent with the procedures of EOUSA and the United States Attorney's Office, which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit